Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2155 | **DATE** | 4/4/2011 |
| **CASE TITLE** | Johnson vs. Roseland Community Hospital | | |

**DOCKET ENTRY TEXT**

Therefore, Johnson's case is dismissed and her Motions to Proceed *in forma pauperis* [4] and for the Appointment of Counsel [3] are denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Angela Johnson ("Johnson") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. For the reasons stated below, the Court denies Johnson's motions.

Johnson's Complaint alleges that her employer violated federal privacy standards for individually identifiable health information as well as the security standards for the protection of electronic health information. Johnson brings these claims pursuant to 45 C.F.R. §§ 164.502(a)(1); 164.506(c);164.508; and 164.530(c)(1). Specifically, Johnson alleges that her individualized health information was discussed throughout the hospital—which was also her employer—where she underwent surgery. Johnson filed a claim with the Department of Health and Human Services ("DHHS") on May 13, 2008 and includes with her Complaint the DHHS's response dated December 29, 2010. Johnson also includes with her Complaint an undated copy of her 2007 EEOC discrimination form alleging age discrimination and constructive discharge.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Johnson to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Johnson need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id*. According to her financial affidavit, Johnson has been unemployed since February 3, 2009. Prior to her unemployment, Johnson worked at a PLS Loan Store where she earned $8.50 per hour for an unspecified number of hours per week. Johnson does not have any items of personal property worth over $1,000, nor does she have more than $200 in cash or in a checking or savings account. Johnson does not have any dependents. Based on these facts, Johnson's financial affidavit sets forth her inability to pay the mandated court fees.

| STATEMENT |
|---|

    The Court, however, must look beyond Johnson's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Johnson attempts to bring her claims pursuant to 45 C.F.R. §§ 164.502(a)(1); 164.506(c);164.508; and 164.530(c)(1), but these are the implementing regulations of the Health Insurance Portability and Accountability Act ("HIPAA"). Johnson is therefore attempting to bring suit pursuant to HIPAA. Courts, however, have held that "HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the [DHHS]." *Doe v. Bd. of Trs. of Univ. of Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) (noting that "[e]very court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action."); *see Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (holding that "there is no private cause of action under HIPAA"). As such, Johnson's HIPAA claims are not properly before the Court. Johnson's reliance on her EEOC charge is unavailing because her Complaint before the Court does not allege age discrimination or constructive discharge.

    Therefore, Johnson's case is dismissed and her Motions to Proceed *in forma pauperis* and for the Appointment of Counsel are denied.